**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4984**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

SHAWN MANNING,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:09-cr-00158-MR-1)

_____

Submitted:  August 25, 2011          Decided:  September 16, 2011

_____

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Asheville, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Laura Ferris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Manning pled guilty, pursuant to a plea agreement, to possession with intent to distribute cocaine base, oxycodone, and marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D) (2006); possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (2006); and possession with intent to distribute cocaine base and marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(B). He received a total sentence of 120 months' imprisonment. On appeal, Manning challenges his convictions and sentence on the ground that he was not competent to enter a guilty plea and that his trial counsel was ineffective. In light of these assertions, Manning claims the magistrate judge, and subsequently the district court, committed plain error in accepting his plea. Finding no error, we affirm.

Because Manning did not move in the district court to withdraw his guilty plea, any error in the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, Manning must show: (1) there was an error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if Manning makes this three-part showing, this Court may exercise its discretion to correct the error only if it "seriously

affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736.

"Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). The test for competency is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960). "As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." Godinez v. Moran, 509 U.S. 389, 401 n.13 (1993). Our review of the record does not reveal a sound basis to question Manning's competency at the time of his plea hearing. Accordingly, we find no error in the magistrate judge's, and later the district court's, acceptance of Manning's guilty plea as knowing and voluntary.

Manning also claims counsel was ineffective for failing to request a competency hearing, to further advise him concerning the effects of pleading guilty, and to vacate the plea. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and

3

resulting prejudice.  <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008).  To allow for adequate development of the record, ineffective assistance claims should be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011).  <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  The record before this Court does not conclusively establish ineffective assistance of counsel.  We therefore decline to consider Manning's ineffective assistance claims.

We therefore affirm Manning's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4